Day, Chief Judge.
The case came to the supreme court, ■under the provisions of sections 157, 158, and 159 of the code of criminal procedure, upon an exception taken by the prosecuting attorney to the decision of the Court of Common Pleas of Preble county sustaining a demurrer to an indictment.
The defendants, Brower and Disher, were indicted under the second section of the act of May 4, 1869 (66 Ohio L. ■93), “to regulate the execution and transfer of notes given for patent rights,” which is as follows :
“ If any person shall take, purchase, sell, or transfer any promissory -note or other negotiable instrument, not having the words ‘given for a patent right’ written or printed legibly and prominently on the face of such-note or instrument above the signature thereto, knowing the consideration of such note or other instrument to consist in whole or in part of the right to make, use, or vend any patented *102 invention or inventions claimed to be patented, every such person shall be deemed guilty of misdemeanor, and upon conviction thereof, shall be fined in any sum not exceeding five hundred dollars, or imprisoned in the county jail forty days, or both, in the discretion of the court.”
The indictment charges that the defendants took, from certain persons named, a promissory note, dated August 28, 1871, for $350, payable to the defendants on or before January 1, 1872, without the words “given for a patent right ” written or printed thereon, knowing the consideration thereof to consist of the right to use and vend an invention claimed to be patented. It is not averred that the note was negotiable, nor is it described as such in the indictment. On the contrary, i.t is merely alleged to be payable to the defendants. The question is therefore presented, whether a note taken for a patent right, not drawn as prescribed by the statute, and not negotiable, is included within the offense described in the section upon which the indictment is founded.
The language of the section, “ any promissory note or other negotiable instrument,” will not fairly admit of any other construction than that it was iutended to include only negotiable notes and instruments, knowingly taken for a patent right, without containing the requisite words of the-statute. That this is the meaning of the section is the more apparent when it is read in the light of the first section of the act, which is as follows:
“ That whenever any promissory note or other negotiable instrument shall be given, the consideration for which shall consist in whole or in part of the right to make, use,, or vend any patent invention or inventions claimed to be patented, the words ‘given for a patent right’ shall be-prominently and legibly written or printed on the face of such note or instrument above the signature thereto; and' • such note .or instrument in the hands of any purchaser or’ holder, shall be subject to the same defenses as in the hands-of the original owner or holder; and any person who shall purchase or become the holder of any promissory note or *103 other negotiable instrument, knowing the same to have been given for the consideration aforesaid, shall hold such note or other instrument subject to the same defenses as in the hands of the original owner or holder, although the-words ‘ given for a patent right ’ shall not be written or printed upon the face thereof.”
Manifestly the whole purpose of the act was to enable-the makers of negotiable instruments, given for patent rights, to make the same defense thereon, against ariy holder thereof, that could be made against the original holder or party to whom it was given. But, without the. aid of the statute, this can be done upon instruments not negotiable. Such paper, then, does not come within the-mischief provided against by the act, and therefore, clearly,, is not included in the offense created by the second section.. It is material, then, that it should appear fromthe indictment that the note or instrument, on which it is founded, was of a negotiable character. This is not shown by the indictment in this case; the demurrer was, therefore, properly sustained.
This disposes of the case without passing upon the question as to the validity of the act. That question has been discussed in argument, but it does not necessarily arise in the case, and may more properly be determined when a case shall be presented which depends upon the validity of the act, and in which a judgment may be rendered that may be reviewed by the court having the ultimate determination of questions relating to a conflict between state- and federal laws. Especially is this so where private as well as public rights are involved in the determination of the question. In no event can we render a judgment in this case. Criminal Code, sec. 160.. It only remains to add that the judgment of the common pleas must stand.

.Approved.